IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ITZHAIRA G. CARRASCO-RONDON

    Plaintiff.

CIVIL No.:

v.

**ALEJANDRO MAYORKAS**, in his
official capacity as Secretary
of the Department of Homeland Security,
**GARRETT J. RIPA,** in an official capacity
as ICE Miami Field Office Director,
    Defendants,

COMPLAINT
(DECLARATORY AND INJUNCTIVE RELIEF)

**TO THE HONORABLE COURT:**

    **COMES NOW** the Plaintiff, ITZHAIRA G. CARRASCO-RONDON, through the undersigned attorney and very respectfully state, allege and pray as follows:

## I. INTRODUCTION

    Petitioner by and through her undersigned counsel, hereby files this Petition for Declaratory Judgment and an order to Stay the removal of Petitioner's Husband from the United States until the granting, or dismissal of the instant Complaint.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331, general federal question jurisdiction; 5 U.S.C. §§ 701 et seq., the

Administrative Procedure Act (APA). Also, this action arises under the Due Process Clause of the Fifth Amendment of the U.S. Constitution and the INA (8 USC §1182) and the United States Constitution. This Court may grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2001 et seq. and the APA, 5 U.S.C. §§ 553, et seq. and §§ 701 et seq.

2. Venue is proper pursuant to 28 U.S.C. § 1391(e) because Respondents are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; Petitioner is Puerto Rico one of the States over which the Miami Field Office of the Immigration and Customs Enforcement has jurisdiction and because the Respondents maintain offices in this District, and the plaintiff resides in this district.

## II. THE PARTIES

3. Plaintiff is a United States Citizen, born in Carolina, Puerto Rico (USA) and currently residing in San Juan, Puerto Rico. She is married to Dominican National Cristian Ulloa-Diaz **(A220-952-341).**

4. Defendant **ALEJANDRO MAYORKAS** is the Secretary of the Department of Homeland Security (DHS) and the highest-ranking official within DHS.

5. Defendant **ALEJANDRO MAYORKAS** by and thru operation of two of components of DHS, the U.S. Citizenship and Immigration Services (USCIS) the and United States Immigration and Customs Enforcement (ICE)), is responsible for the implementation, administration, and enforcement of the immigration laws

pursuant to 8 U.S.C. § 1103. Defendant Mayorkas is sued in his official capacity to the extent that 8 U.S.C. § 1102 gives him authority over all immigration laws in the United States.

6. Defendant **Garrett J. Ripa** is the Miami Field Office Director, of the U.S. Immigration and Customs Enforcement (ICE). Defendant **Garrett J. Ripa** oversees the custody of all ICE's determination pertaining of the San Juan Field Sub-Office. Respondent **Garrett J. Ripa** is sued in his official capacity as an agent of the Government of the United States.

7. Defendants, John Doe and Mary Doe, are unknown individuals who are or might be responsible to the Petitioners for the facts alleged in the present Complaint, but at this moment their names and addresses are unknown.

### III. FACTS

8. On December 26, 2022, Mr. Cristian Ulloa-Diaz, a Dominican National and husband of Mrs Carrasco-Rondon entered the United States without inspection.

9. On December 28, 2022, Mr. Ulloa was released and placed on a Humanitarian Parole, under §212(d)(5) (8 C.F.R. §212.5). **(Attachment 1)**

10. On March 30,2022, Plaintiff Mrs. Carrasco-Rondón married Mr. Cristian Ulloa-Diaz in Carolina, PR.

11. On May 20,2022, Mrs. Carrasco-Rondon petitioned to

Department of Homeland Security(DHS), thru it agency the U.S. Citizenship and Immigration Services (USCIS) for her husband to become a Lawful Permanent Resident (Form I-130). **(Attachment 2)**

12. On May 20,2022, by means of the paroled granted by the Respondent **Department of Homeland Security,** Mr. Ulloa filed, and is now pending, an Adjustment of Status Petition before U.S. Citizenship and Immigration Services (USCIS).

14. On August 22, 2022, Respondent **Department of Homeland Security (DHS)** through its component agency US Citizenship and Immigration Services (USCIS), issued a receipt of the Petition for Adjustment (Form I-485) . **(Attachment 3)**

15   On *September 23, 2022*, Mr. Ulloa filed Form I-246 (Stay of Deportation) alleging that he has a pending Adjusting of Status **(Attachment 4)** and the same was denied on *November 23, 2022*, without an explanation by co-defendant Garrett J. Ripa. **(Attachment 5)**

16. On *December 20, 2022*, Mr. Ulloa filed second Stay of Deportation Form I-246, this time alleging that he has a pending Adjustment Request AND including evidence that his wife, and here Plaintiff, was now pregnant with their first child. **(Attachment 6)**

17   On *January 24, 2023*, defendant **DHS** denied Mr. Ulloa's second Stay of Removal without explanation by codefendant Garrett J. Ripa.

**(Attachment 7)**

18. The Department of Homeland Security **(DHS**) has indicated an intention to remove the Petitioner on *May 9, 2023*, however the removal of Plaintiff's husband from the United States will result in the loss of his eligibility for Lawful Permanent Residence Status.

19. Defendant DHS through its agency USCIS, is still considering the Petition for Alien Relative for plaintiff's husband. **(Attachment 8)**

### IV. Immigration Law Framework

20   Should a U.S. citizen and his foreign national spouse decide to make the United States their home, the U.S. citizen may file a visa petition (Form I-130) which, if approved, provides his spouse the basis by which he can apply for lawful permanent residency in the United States. 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A)(i) Ordinarily, whether a marriage-based visa petition will be approved depends upon (1) whether the marriage is legally valid in the place where it was celebrated, and (2) whether the marriage was entered into in good faith, i.e. not solely for immigration purposes. Matter of Dela Cruz, 14 I&N Dec. 686 (BIA 1974); 8 U.S.C. §1154(c).

### V. VIOLATION TO THE ADMINISTRATIVE PROCEDURE ACT

21. Petitioner respectfully alleges that DHS thru its component agencies (U.S. Immigration and Customs Enforcement) (ICE) *lacked the legal authority to refuse Petitioner's I-246 Stay of Removal.*

22. Before defendant DHS, through its component agency USCIS, there is pending to be adjudicated Application for Adjustment of Status of Mr. Ulloa.

23. Respondent DHS, thru its component Agency (ICE) is denying a stay of Deportation or Removal while at the same time the same agency thru USCIS has a pending Application for Adjustment of Status, that has been accepted and is being review <u>by the same agency DHS</u>[1].

24. Such framework creates an incredible conflict of interest to the DHS, when the same agency has accepted and is reviewing an Adjustment of Status, (Form I-485) in order for Petitioner to become a lawful permanent resident, and <u>at the same time,</u> denies a Stay of Removal (Form I-246), when the agency knows that the removal from the United States, <u>will result in the loss of his eligibility for lawful permanent residence to the Petitioner's husband.</u>

25. Such process is unfair and creates an incredible conflict of interest to DHS and violates Petitioner's due process of having an agency's action (Review of a Stay of Removal, Form I-246) free from an arbitrary, capricious, an abuse of discretion process or not

---

[1] In 2002 Congress transferred all immigration enforcement responsibilities to the Secretary of the Department of Homeland Security (DHS) Clark v. Martinez, 543 U.S. 371, 375 n.1, 125 S. Ct. 716, 160 L. Ed. 2d 734 (2005), 6 U.S.C. §§ 202, 251; 6 U.S.C. §§ 202, 251.

otherwise in accordance with law and pursuant to 5 U.S.C. § 706(2)(A). Therefore, such process should be declared to violate Petitioner's due process right.

### VII. VIOLATION OF THE FIFTH AMENDMENT DUE PROCESS CLAUSE, U.S. CONSTITUTION

26. Petitioner incorporates the allegations in the paragraphs above as though fully set forth here.

26. Respondent's conflicts of interest procedure not only violate the APA, but also violates Plaintiff's due process rights, by depriving her of her liberty interest in reunification with her husband. See U.S. Constitution, 5th Amendment; See Kerry v. Din, 576 U.S. 86, 102 (2015) (assuming that a U.S. citizen petitioner has a due process interest in a relative's visa application).

27. A US Citizen has a protected liberty interest in her marriage that gives rise to a right to constitutionally adequate procedures in the adjudication of her husband's visa petition See Bustamante v. Mukasey, 531F.3d 1059, 1062 (9thCir. 2008).

28. The liberty interest in marriage "responds to the universal fear that a lonely person might call out only to find no one there. It offers the hope of companionship and understanding and assurance that while both still live there will be someone to care for the other." Obergefell v. Hodges, 135 S.Ct. 2584, 2600 (2015).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Declare that defendant's action of denying a Stay of Removal or Deportation (Form I-246) while its component Agency has a pending application (Form I-130) and an Adjustment of Status (Form I-485), is an unconstitutional practice and policy used by DHS, that is arbitrary and capricious in violation of the APA;

(3) Order a stay of removal of Plaintiff's husband Cristian Ulloa-Diaz **(A220-952-341)** pending the resolution or dismissal of the instant Complaint.

(4) Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C.§ 2412; and

(5) Grant such further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico on March 28, 2023.

**I hereby inform:** That on this date, I have filed the foregoing with the Clerk of the Court for filing and uploading to the CM/ECF system.

S/RAYMOND L. SANCHEZ MACEIRA
USDC: 211405
PO BOX 191972
SAN JUAN, P.R 00919

TEL 721-3370/ FAX 721-4706
SANCHEZLAW264@GMAIL.COM

VERIFICATION

I, Itzhaira Greyshary Carrasco-Rondon am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Juan, Puerto Rico DATED this March 28, 2023.

/s/ ITZHAIRA GREYSHARY CARRASCO-RONDON